ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌─────────────────────────────────┐
│ USDC SDNY                       │
│ DOCUMENT                        │
│ ELECTRONICA┌┐┐ FILED            │
│ DOC #:                          │
│ DATE FILED.  MAY 3 1 2007       │
└─────────────────────────────────┘
```

SAVAGE, et al.,

Plaintiffs,

No. 05 Civ. 10812 (LTS) (DCF)

-against-

UNITE HERE,

Defendant.

## MEMORANDUM OPINION AND ORDER

Defendant labor union UNITE HERE in the above-captioned Fair Labor

Standards Act ("FLSA") case, involving Plaintiffs who are current and former employees of the

Defendant and/or its predecessor unions, moves for an order pursuant to Federal Rule of Civil

Procedure 41(b) dismissing the case as against two opt-in Plaintiffs, Gerald Baugh and Tyanda

Edwards, for failure to prosecute and to participate in discovery as ordered by the Court.¹ The

Court has jurisdiction of the federal statutory claims raised in this matter pursuant to 28 U.S.C. §

1331. For the reasons that follow, Defendant's motion is granted.

## BACKGROUND

Plaintiffs in the instant matter have alleged that they and other "organizers" for

---

¹    The motion originally sought the dismissal of two other opt-in Plaintiffs as well,
     Geraldine Dennis and John Minter. However, during the pendency of briefing on
     this motion, Ms. Dennis and Mr. Minter voluntarily dismissed their suits. See
     docket entries 73 and 75.

Defendant labor union often worked in excess of 40 hours per workweek, but were not paid for

this overtime work.  Plaintiffs also allege that all organizers performed essentially the same range

of duties for the Defendant.  On May 3, 2006, upon Plaintiffs' motion, the Court certified this

matter as a collective action consisting of all current and former employees of the Defendant,

employed under various titles but working as organizers anywhere in the United States or its

territories at any time after April 30, 2002, determining that the 29 U.S.C. § 216(b) standard had

been met and that prompt notice to potential class members best served the broad remedial

purposes of the FLSA.  Since that time, the claims of all original Plaintiffs and opt-in Plaintiffs

other than Trenette Savage (as to whom dismissal is not sought in this motion), Gerald Baugh

and Tyanda Edwards have been dismissed.


## DISCUSSION

Federal Rule of Civil Procedure 41(b) provides in relevant part that "[f]or failure

of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may

move for dismissal of an action or of any claim against the defendant."  As the Second Circuit

has noted, dismissal for failure to prosecute is a "harsh remedy to be utilized only in extreme

situations."  Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir.1993).  In reviewing a

District Court's grant of a motion to dismiss pursuant to Fed. R. Civ. P. 41(b), the Second Circuit

examines five principal factors: (1) the duration of the Plaintiffs' failures, (2) whether the

Plaintiffs received notice that further delays would result in dismissal, (3) whether the Defendant

is likely to be prejudiced by further delay, (4) a balancing of the need to alleviate court

congestion against the Plaintiffs' rights to due process and a fair chance to be heard, and (5) whether lesser sanctions would be adequate. See Shannon v. Gen. Elec. Co., 186 F.3d 186, 193-94 (2d Cir.1999).

Here, dismissal of the claims of Gerald Baugh and Tyanda Edwards is the appropriate remedy. It is uncontested that Mr. Baugh and Ms. Edwards have not complied with discovery orders since the inception of this case, despite being granted several extensions, and that they refused to coordinate with their own counsel in preparing any opposition to this motion, resulting in his inability to take a substantive position on the motion. Mr. Baugh and Ms. Edwards were both aware of the importance of participating in discovery; Judge Freeman's February 2, 2007, Order made clear that no further extensions of the discovery deadlines would be granted without good cause, and the opt-in notices they received informed them they would be "required to participate in the proceedings to the extent the Court directs." The Defendant would be prejudiced by further delay, as this case is nearing the end of discovery and clarity regarding the remaining parties is essential to developing a trial or disposition strategy. Because one Plaintiff will remain in this case and it will thus remain open, the factor of balancing court congestion is not a relevant one to this consideration. Finally, it does not appear that lesser sanctions would be adequate in this case, as Mr. Baugh and Ms. Edwards' history of ignoring Court orders and deadlines and refusing to even communicate with their own counsel make it unlikely that another warning would be fruitful. Thus, the dismissal of the claims of Gerald Baugh and Tyanda Edwards is appropriate.

## CONCLUSION

For the foregoing reasons, Defendant's motion is granted, and the claims of

Gerald Baugh and Tyanda Edwards are, accordingly, dismissed pursuant to Rule 41(b) of the

Federal Rules of Civil Procedure.


SO ORDERED.

Dated:          New York, New York
                May 31, 2007


                                        LAURA TAYLOR SWAIN
                                        United States District Judge